UCHTMAN *v*. TONYES *et al.*

*(Supreme Court, General Term, Second Department.*  May 9, 1892.)

NEGOTIABLE INSTRUMENTS—RIGHTS OF TRANSFEREE—PRECEDENT DEBT.

In an action on a note by the holder against an indorser, in which there was evidence that the note was transferred for value without notice of defenses, and that the transfer was made for a precedent debt, the court properly instructed the jury that if plaintiff received the note on a precedent debt he might recover if the payee could, and that if he took before maturity and for value he might recover from defendant, even though her indorsement was procured by fraud.

Appeal from circuit court, Kings county.

Action by Egbert Uchtman against Anne M. Tonyes and another.  From a judgment for defendants, plaintiff appeals.  Affirmed.

Argued before BARNARD, P. J., and DYKMAN, J.

*C. J. G. Hall*, (*U. W. Tompkins*, of counsel,) for appellant.  *Jacob Brenner*, (*Chas. J. Patterson*, of counsel,) for respondent.

BARNARD, P. J.  On the 26th of April, 1890, Louis Tonyes made his promissory note payable to the order of the Abbott Brewing Company for $2,400, payable in three months after its date.  The complaint avers that Anne M. Tonyes, the wife of the maker of the note, indorsed it before its delivery, in order to increase the security of the brewing company.  Anne M. Tonyes denied this, and claims that the indorsement was obtained by fraud upon the part of the brewing company, committed through its agent, one Edward Krieger.  It appeared by the evidence that one Egan owned a saloon; that the brewing company had a mortgage on it of a little over $2,200; that Egan sold the saloon to Louis Tonyes for $3,000; that Tonyes gave a mortgage on the same to the brewing company for $2,400, being the Egan debt; that Tonyes gave a note for $600, indorsed by his wife, which went to Egan.  The notes were both obtained by Krieger, the agent of the brewing company.  The brewing company transferred the note to plaintiff, and there was proof tending to show that it was transferred for value, and without notice of any defense, and also that the transfer was made for a precedent debt.  Tonyes paid the $600 note to Egan.  Anne M. Tonyes testified to the effect that she did not indorse the $2,400, but did the $600, note, and upon the distinct promise that the $2,400 mortgage from Egan could stand.  Krieger admits a promise to let the Egan security stand, but that it was upon the condition that Mrs. Tonyes indorsed the note.  Mrs. Tonyes could not read English, and signed the $600 note by a cross.  The $2,400 note is apparently signed by a cross, and witnessed by Krieger; and her husband, Louis Tonyes, testifies that there was only one paper signed by him or his wife, which was the $600 note.  The defendant is supported also by the witness Kennedy, who stated the agreement to be that Tonyes was to pay Egan, "and leave the rest stand."  The jury found on this conflicting evidence that Mrs. Tonyes did not indorse the note in question for $2,400.  This verdict will stand, unless there was some error committed upon the trial.  The court charged the jury that, if the plaintiff received the note on a precedent debt, he could recover if the brewing company could. That the plaintiff would be in a position to recover if he took before maturity and for value, and if the defendant Anne M. Tonyes indorsed the same, even if the brewing company obtained the indorsement by fraud.  This charge covered the entire case, and was in accordance with the law which governed it.  The judgment and order denying new trial should be affirmed, with costs.